Catron, Ch. J.
delivered the opinion of the court.
The first objection is, that the appointment of the grand jury by the county for the circuit court, was insufficient, because only twenty-four were in the panel.
This court held in the State against Coats, at Jackson, at the last term, that the grand jury was well empannelled in such case. That was like this, as well as several others.
2. It is objected that the venire is not well laid in the indictment. We think this is a mistake. It commences, “State of Tennessee, Hardin county,” and states, the grand jurors of the State of Tennessee, elected, empan- *188 ne^ec^ sworn and charged to enquire for the body of the county of Hardin aforesaid, upon their oath aforesaid, present, &c. The charging part of the indictment alleges the defendant, (with others,) in the county aforesaid, did commit the offence. This is well. 1 Chit. Cr. L. 194.
3. It is objected, that the indictment is headed, “circuit court, November term, 1829,” in figures. This it is insisted should be in writing. And we are referred to British authorities to show figures will vitiate. 1 Chitty Cr. L. 176. Such precedent statement is unknown in the English courts. The only general marginal statement is, “Middlesex, to wit.” 3 Chit. Cr. L. 194.
The term at which the indictment was found, appears of record by an independent entry, that the grand jury returned into court a bill of indictment against James Barnes and others, for a riot, a true bill, &c. The British authorities refer to the time stated in the body of the indictment, at which the crime was committed. This is in words here.
4. The defendant, by the judgment below, was sentenced to one month’s imprisonment, as punishment, and a fine of fifty dollars; that he pay the costs of prosecution; “and that he remain in the custody of the sheriff until said fine and costs be paid or secured.”
It is insisted, that this latter part of the judgment will impose perpetual imprisonment on the defendant, if he be unable to pay or secure the fine and costs. We think the judgment had the effect of a ca. sa. and that the defendant might have discharged himself by taking the benefit of the insolvent act.
There is no ground of objection to the conviction at all tenable, or in fact having a fair claim to notice. The judgment will therefore be affirmed; the defendant imprisoned one month in the jail of Davidson county; and held in custody until the finé and costs are paid, or be discharged by due course of law.
Judgment affirmed.